IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| MELVIN FUNEZ ORTIZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:26-cv-00416 (AJT/LRV) |
| | ) | |
| JEFFREY CRAWFORD, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

<u>ORDER</u>

Before the Court is Jose Efrain Arguera-Reyes' ("Petitioner") Petition for Writ of Habeas

Corpus ("Petition"), filed on February 13, 2026. [Doc. No. 1]. By order dated February 17, 2026,

the Court ordered the Government to respond to the Petition within six days, [Doc. No. 4].

Respondents ultimately submitted that the factual and legal issues presented in the Petition do not

differ in any material fashion from those presented in *Hernandez v. Crawford,* No. 1:25-CV-

01565-AJT-WBP, 2025 WL 2940702 (E.D. Va. Oct. 16, 2025), or the other opinions of this Court

cited therein. [Doc. No. 6].

Petitioner is a native and citizen of Honduras, who first entered the United States without

inspection in April 2018. [Doc. No. 1] ¶¶ 8, 17. After serving a sentence for a criminal conviction,

Petitioner was transferred into immigration custody in November 2022 and taken to the Farmville

Detention Facility, where he remains. *Id*. ¶ 21. Petitioner was initially granted a custody

determination hearing in February 2013, at which he was denied bond. *Id*. ¶ 27. He is not subject

to a final order of removal, but has remained in detention for over three years since that last hearing

while his removal proceedings have undergone a long series of appeals and remands. *Id*. ¶¶ 22-27.

In light of the foregoing, and it appearing to the Court that the factual and legal issues presented in the Petition do not differ in any material fashion from those presented in *Hernandez* or the other opinions of this Court cited therein, the Court incorporates the filings in *Hernandez* into the record of this habeas action. For the reasons stated in *Hernandez*, the Court determines that Petitioner's detention is governed by section 1226(a)'s discretionary framework, not section 1225(b)'s mandatory detention procedures, and under section 1226(a) and its implementing regulations, Petitioner is entitled to a bond hearing before an Immigration Judge. Accordingly, the Petition is **GRANTED**, and it is hereby

**ORDERED** that Respondents provide Petitioner with a bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven days of the date of this Order; and it is further

**ORDERED** that if Petitioner is granted bond by an Immigration Judge, Respondents are **ENJOINED** from denying bond to Petitioner, or from invoking the automatic stay provision pursuant to 8 C.F.R. § 1003.19(i)(2); and it is further

**ORDERED** that Respondents file a status report with this Court within three days of the bond hearing, stating whether Petitioner has been granted bond and, if his request for bond was denied, the reasons for that denial.

The Clerk is directed to send copies of this Order to all counsel of record, and to terminate the case.

Alexandria, Virginia
February 23, 2026

Anthony J. Trenga
Senior United States District Judge

2